IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LAMESHA TURNER, § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:22-CV-1041-E-BK |
| § | |
| TYLER SMITH COUNTY, § | |
|     DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, the complaint should be **DISMISSED WITHOUT PREJUDICE** due to improper venue.

On May 9, 2022, Plaintiff Lamesha Turner, a resident of Dallas, Texas, filed a *pro se* complaint against the City of Tyler and Smith County, Texas. Doc. 3 at 1. She also filed a motion to proceed *in forma pauperis*. Doc. 4. Turner asserts that she was wrongfully convicted in Smith County Juvenile Court of an assault that never occurred. Doc. 3 at 1. She avers the school principal and school patrol officer lied to the authorities because she was also reporting an alleged sexual abuse by her custodial grandfather who was then employed at the school. Doc. 3 at 1.

Turner generally complains of civil rights violations. Doc. 3 at 2. Specifically, she contends that (1) the "Tyler juvenile" court "put false charges on my record that I have not been convicted of or pled guilty," (2) the Texas Youth Commission failed to address her complaints of

sexual assault, and (3) CPS violated her civil rights by keeping her in an abusive home and neglecting to assist her. Doc. 3 at 2. The attachments to the complaint confirm the events at issue occurred around 2004-to-2005 while Turner attended Lindale Highschool in Lindale, Texas (Smith County). Doc. 3 at 7.

Venue in a civil case is governed by 28 U.S.C. § 1391(b), which aims to place lawsuits in the judicial district most connected to the parties or the events giving rise to the action.

Section 1391(b) provides that a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Based on Turner's allegations, the events giving rise to her claims occurred in Smith County, within the jurisdictional boundaries of the United States District Court for the Eastern District of Texas, Tyler Division. 28 U.S.C. § 124(c)(1). Further, Turner does not assert that any acts or omissions occurred within the geographic region served by the United States District Court for the Northern District of Texas. As such, venue is not proper in the Northern District of Texas.

When venue is not proper, a district court has the authority to dismiss the case or transfer it in the interest of justice to any district or division in which the action could have been brought. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the

wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). *See Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987) (concluding the district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice).

Here, a transfer to the appropriate district is not in the interest of justice. Considering the relative infancy of the case, the remoteness of the events at issue (occurring over 15 years ago), and Turner's request to proceed *in forma pauperis*, the Court should apply its broad discretion to dismiss the complaint without prejudice to it being filed in the proper district.

Accordingly, Turner's complaint should be **DISMISSED WITHOUT PREJUDICE**. *See* 28 U.S.C. § 1406(a).

**SO RECOMMENDED** on May 12, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).